IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY WILLIAMS,**<br><br>   Plaintiff,<br><br>v.<br><br>**FUYAO GLASS ILLINOIS, et al.,**<br><br>   Defendants. | Case No. 2:24-CV-02174<br><br>Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |

**DEFENDANT FUYAO'S OPPOSITION TO
PLAINTIFF'S MOTION FOR EXCLUSION OF EVIDENCE
AND DEFAULT JUDGMENT**

Defendant Fuyao Glass Illinois, Inc. ("Fuyao"), respectfully requests an order denying the relief requested in Plaintiff's January 7, 2026, letter to this Court requesting "to prevent Defendants witnesses from submitting any evidence, statements etc." and for "default judgment on defendant." (Doc.# 43) (Plaintiff's "Motion"). Fuyao construes Plaintiff's letter as a Motion and presents herein its argument in opposition.

**I. INTRODUCTION**

Plaintiff's Motion is a single page of argument with no citation to legal authority requesting that this Court "prevent Defendants witnesses from submitting any evidence, statements etc." and "rule a default judgment on defendant."[1] As to the requested limitation on Fuyao's ability to submit evidence, Plaintiff cites "a history of untruthfulness that support their not to be a credible witness." Plaintiff additionally discusses purported falsehoods in statements and documents produced by Fuyao, alleged FMLA retaliation, and the parties' attempts to reschedule his

---

[1] Fuyao construes Plaintiff's Motion as requesting default judgment under Federal Rule 37 for discovery-related misconduct rather than Federal Rule 55 for failure to plead or otherwise defend against the action. As evidenced by the docket, Fuyao has actively defended against Plaintiff's claims since the inception of this action.

1

deposition.[2] However, he fails to explain how these topics relate to his Motion. While Plaintiff attaches a 28-page collection of documents to his Motion, he fails to explain their significance. Plaintiff's Motion should be denied because it does not comply with applicable Federal Rules of Civil Procedure ("Federal Rules") and Local Rules of the United States District Court for the Central District of Illinois ("Local Rules"), lacks appropriate factual support, and cites no legal authority that would justify the extraordinary relief requested.

## II. LAW AND ARGUMENT

As a preliminary matter, Plaintiff's Motion is improper because it fails to comply with the requirements of the Federal Rules and Local Rules. Federal Rule 7(b)(1)(B) requires that a movant "state with particularity the grounds for seeking the order." Local Rule 7.1(B)(1) requires motions that raise a question of law to "include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the local or federal rule under which the motion is filed." Plaintiff fails to cite the rule under which his Motion is filed and cites no legal authority. Absent an explanation of the particular grounds for the relief Plaintiff requests supported by legal authority, Plaintiff's Motion does not comply with applicable Federal and Local Rules and should be dismissed on this ground.

Should this Court consider Plaintiff's motion despite its non-compliance with applicable Federal and Local Rules, dismissal is still warranted. Plaintiff's failure to provide legal authority and factual support is fatal to his Motion. A party moving for exclusion of evidence or dismissal due to discovery-related misconduct must provide legal authority and factual support to warrant an order to this end. Federal Rule 37 authorizes Courts to sanction parties for noncompliance with

---

[2] On December 31, 2025, attorney Stephen A. Yokich, counsel for co-Defendant United Steelworker 193-G, requested that the parties reschedule Fuyao's deposition of Plaintiff, which was set for January 8, 2025, due to an unresolvable scheduling conflict. Fuyao therefore withdrew its notice of Plaintiff's deposition and is currently attempting to reschedule.

2

discovery requests and Court orders. Sanctions may include prohibiting a disobedient party from introducing designated matters in evidence and rendering default judgment against the disobedient party. Federal Rule 37(b)(2)(A)(ii) & (vi). Additionally, "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

"In fashioning an appropriate [Federal Rule 37] sanction, courts consider 'the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants and the possible merits of the plaintiff's suit.'" *Ohio Sec. Ins. Co. v. Best Inn Midwest, LLC*, 143 F.4th 784, 788 (7th Cir. 2025). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776.

Plaintiff does not allege that Fuyao failed to comply with its discovery obligations, willfully abused the judicial process, or litigated in bad faith so as to justify his request for sanctions. Plaintiff's claim that Fuyao has provided false statements and documents, new allegation of FMLA retaliation, and displeasure over the need to reschedule his deposition would not warrant sanctions even if these allegations were properly supported. *See id.* at 781 (holding dismissal as a sanction for discovery-related misconduct, pursuant to Federal 37 or a Court's inherent authority, must be supported by a preponderance of the evidence). The 28-page collection

of documents attached to Plaintiff's Motion[3] is equally ineffective as Plaintiff fails to explain how they support his request for sanctions. Thus, Plaintiff's Motion should be denied in full for failure to comply with applicable Federal and Local Rules, lack of legal authority, and lack of factual support.

### III.    CONCLUSION

Based upon the above law and argument, Fuyao respectfully requests an order denying Plaintiff's Motion in full.

Dated: January 21, 2026

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Colleen Koehler*
Michael T. Short, Trial Attorney (OH 0069409)
(now admitted to Central District of IL)
mshort@littler.com
Colleen Koehler (OH 0090728)
(now admitted to Central District of IL)
ckoehler@littler.com
41 South High Street, Suite 3250
Columbus, OH  43215
Telephone:    614.463.4201
Facsimile:     614.221.3301

*Attorneys for Defendant Fuyao Glass Illinois, Inc.*

---

[3] The 28-page collection of documents attached to Plaintiff's Motion consists of the notice of Plaintiff's deposition; correspondence to Plaintiff from the National Labor Relations Board; Fuyao's position statement in response to Plaintiff's underlying Charge of Discrimination; a handwritten note dated 7/17/2023; a medical record for Plaintiff; Fuyao business records related to Plaintiff's employment including internal email correspondence, attendance reports, job descriptions, and a training record; and what appears to be a text message thread between Plaintiff and counsel for co-Defendant United Steelworker 193-G.

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, a true and correct copy of the foregoing, *Defendant Fuyao's Opposition to Plaintiff's Motion for Exclusion of Evidence and Default Judgment*, was served via electronic mail upon:

Stephen A. Yokich
Dowd Bloch Bennett Cervone Auerbach & Yokich
8 South Michigan Avenue, Suite 1900
Chicago, IL 60603
syokich@laboradvocates.com
*Attorney for Defendant United Steelworker 193-G*

and via electronic and regular U.S. mail upon:

Danny Williams
156 S. Water Street
Decatur, IL 62523
DanRayWilliams09@gmail.com
*Pro Se Plaintiff*

                                                      */s/ Colleen Koehler*
                                                      Colleen Koehler

4937-7001-6648.1 / 081424.1042